UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE JENKINS, JR., | No. 2:13-cv-2151-EFB P |
| Plaintiff, | |
| v. | ORDER GRANTING IFP AND SCREENING ORDER PURSUANT TO 28 U.S.C. § 1915A |
| BONDS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] In addition to filing a complaint, he has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.   Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

## II. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.     Screening Order**

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it must be dismissed for failure to state a claim and for improper joinder.

Plaintiff alleges that on December 5, 2011, defendant Bonds used excessive force in violation of the Eighth Amendment. According to the allegations in the complaint, Bonds had been informed by the doctor that plaintiff was "faking his injuries." Accordingly, Bonds told plaintiff to get up and go. Plaintiff told Bonds that he was "mobility impaired" and required use of a cane. Bonds again told plaintiff to get up and go. Bonds then handcuffed plaintiff "very tight causing severe pain" and dragged plaintiff a quarter of a mile when the temperature was fifteen below zero. This allegedly caused pain to plaintiff's wrists, arms, and back. As Bonds "dragged" plaintiff, Bonds said he knew that plaintiff was faking because the doctor had told him so.

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). In order to establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. *Id.* at 7; *see also id.* at 9-10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not

of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

Plaintiff's allegations fail to demonstrate that Bonds applied force maliciously and sadistically to cause plaintiff harm, rather than in a good-faith effort to maintain or restore discipline.  Nor do the allegations show more than a *de minimis* use of force or any continuing pain or physical damage resulting from the incident.  Plaintiff's excessive force claim against Bonds is dismissed for failure to state a claim upon which relief may be granted.  However, plaintiff is granted leave to amend his excessive force claim against Bonds.

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).  The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed.  *See* E.D. Cal. Local Rule 110.

The remaining allegations in the complaint improperly join unrelated claims and defendants in a single lawsuit.  In addition to the excessive force claim against defendant Bonds, the complaint includes the following allegations: (1) on December 9 or 10, 2011, defendant Albonico retaliated against plaintiff for his filing an administrative appeal against Bonds; (2) on January 18, 2012, defendant Nichols retaliated against plaintiff for filing an administrative appeal, defendants Chenoweth, and Russell used excessive force, and defendant Fackrell denied plaintiff medical care; (3) on January 19, 2012, defendant Newton searched plaintiff's cell in violation of his First Amendment rights; (4) on February 11, 2012, defendants Newton and McGrath seized plaintiff's legal documents, and defendant Whitaker used excessive force; and (5) on February 22, 2012, defendant Leckie deprived plaintiff of due process in a rules violation hearing and defendant Sears used excessive force.

According to plaintiff, all of these events "relate back to the staff complaint filed against Sgt. Bonds." ECF No. 1 at 6. Plaintiff misunderstands joinder. His claims are connected only in that his filing of an administrative appeal regarding Bonds' alleged use of excessive force allegedly prompted the retaliation from Albonico, which then, according to plaintiff, led to "ongoing retaliation" from additional defendants. *Id.* This connection, however, is not enough to satisfy the joinder requirements of Rule 20. As plaintiff has previously been informed:

> A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.*

*Jenkins v. Barnes*, No. 2:13-cv-596-AC, ECF No. 13 (Sept. 25, 2013 Screening Order) at 2. Plaintiff's claim against Bonds is that Bonds used excessive force in violation of the Eighth Amendment. Plaintiff attempts to show that his other claims are properly related by linking them to the administrative appeal that plaintiff later filed against Bonds. The excessive force claim against Bonds, however, has nothing to do with plaintiff's subsequent filing of an administrative appeal. Thus, plaintiff's claim against Albonico, as well as the remaining claims that plaintiff categorizes as "ongoing retaliation," may not be properly joined with the excessive force claim against defendant Bonds, as they involve discrete events that do not arise out the same occurrence and involve a common question of law or fact. *See* Fed. R. Civ. P. 20(a)(2). Simply put, plaintiff has improperly joined unrelated claims and defendants in a single action. This defect cannot be cured through amendment, and the improperly joined claims are dismissed without prejudice to refiling as separate claims.

/////

## IV. Summary of Order

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 10) is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation, filed concurrently herewith.

3. Plaintiff's excessive force claim against defendant Bonds is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Plaintiff may not exceed the scope of this order or raise, new, unrelated claims in an amended complaint. Failure to comply with this order will result in dismissal of this action for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

4. The remaining claims and defendants are dismissed without leave to amend, but without prejudice, as improperly joined.

Dated: April 29, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE