UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE JENKINS, JR., | No. 2:13-cv-2151-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| BONDS, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendant has filed a motion for an order revoking plaintiff's in forma pauperis status and requiring plaintiff to post a security. ECF No. 20. For the following reasons, the motion must be denied.

**I.      Background**

This action proceeds on plaintiff's first amended complaint, in which plaintiff alleges that defendant Bonds, a correctional officer, subjected him to excessive force when he handcuffed plaintiff much too tightly and then dragged him through freezing outdoor temperatures for a quarter of a mile. ECF No. 14 at 3. On April 29, 2015, the court granted plaintiff leave to proceed in forma pauperis. ECF No. 11. Defendant moves to revoke that status and require plaintiff to post a security in order to continue with the case. ECF No. 20.

/////

**II.      The Motion to Revoke *IFP* Status**

28 U.S.C. § 1915 authorizes federal courts to allow certain litigants to sue without prepayment of the ordinary filing fee (commonly referred to as "proceeding in forma pauperis"). These litigants must show that they are unable to pay the fee. 28 U.S.C. § 1915(a)(1). Prisoners face additional barriers to proceeding in forma pauperis. One such barrier, known as the "three strikes" provision, provides: "In no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Andrews v. King*, 398 F.3d 1113, 1116 n. 1 (9th Cir.2005). Prior cases that fall within the categories described by § 1915(g) are known as "strikes." Thus, under § 1915(g), a prisoner with three or more strikes (and who was not under imminent danger at the time of filing the complaint) may not proceed in forma pauperis and must instead pay the full filing fee up front. *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007).

When a defendant challenges a prisoner's right to proceed in forma pauperis, the defendant bears the burden of producing sufficient evidence to establish that the plaintiff has sustained three strikes. *Andrews*, 398 F.3d at 1116, 1120. To discharge this burden, the defendant must produce court records or other documentation that will allow the district court to determine that three prior cases were dismissed for the reasons set forth in § 1915(g). Once the defendant has done so, the burden shifts to the plaintiff to persuade the court that § 1915(g) should not apply. *Id.*

The Ninth Circuit has cautioned district courts to look closely at dismissal orders and any other relevant information in determining whether a case was dismissed for one of the reasons listed in § 1915(g). *Andrews*, 398 F.3d at 1121. The court may deny in forma pauperis status only when, after this careful evaluation, the court determines that the prior actions were dismissed because they were frivolous, malicious or failed to state a claim. *Id.*

/////

Defendant identifies three cases which he claims are strikes within the meaning of § 1915(g). If any of these three cases are not strikes, defendant's motion fails. And, indeed, one of the cases proffered by defendant does not qualify as a strike: *Jenkins v. Hill*, E.D. Cal. Case No. 2:11-cv-2031-GEB (hereinafter "*Hill*").

*Hill* was a federal habeas petition filed by plaintiff to challenge the California Board of Prison Hearings' decision to deny him parole, an alleged sentencing-computation error by the Board, and their application of California's Proposition 9 ("Marsy's Law") to his case. Case No. 2:11-cv-02031-GEB-KJN, ECF No. 1.[1] Defendant concedes that, ordinarily, "dismissed habeas petitions do not count as strikes under § 1915(g)." *Andrews v. King*, 398 F.3d at 1122. Only where a habeas petition is really a civil rights action intentionally mislabeled as a habeas petition "so as to avoid the penalties imposed by 28 U.S.C. § 1915(g)" may a habeas petition be considered as a potential strike. *Id.* at 1122 n.12.

Defendant argues that the claims plaintiff raised in *Hill* should really have been brought in a civil rights action instead of a habeas action because his success on those claims would not have necessitated his earlier release. What defendant fails to show is that plaintiff had any intention of avoiding the application of § 1915(g) in filing *Hill* as a habeas petition instead of a § 1983 action. Instead, plaintiff raised claims in that case that straddle the still poorly-defined barrier between § 1983 and the federal habeas statute and, at the time he filed the petition, were considered by many courts to be proper habeas claims. *See Jackson v. Swarthout*, No. CIV S-10-494 GEB EFB, 2011 U.S. Dist. LEXIS 97713 (July 31, 2011). Unsurprisingly, the jurists who actually reviewed plaintiff's habeas petition did not dismiss it because it should have been brought under § 1983. Instead, Magistrate Judge Newman and District Judge Burrell considered the merits of the claims. ECF No. 20-3 at 34-46. Because defendant has provided the court with nothing that suggests that plaintiff filed *Hill* as a habeas petition as an intentional subterfuge to avoid the application of § 1915(g), the court may not count this dismissed habeas petition as a strike. *See,*

---

[1] The court takes judicial notice of the records in *Hill*, which the court has accessed through its electronic docketing system. Defendant has provided some excerpts from those records: the recommendation from the assigned magistrate judge to dismiss the case and the district judge's order adopting that recommendation.

3

*e.g., Chatman v. Frazier*, Case No. 2:13-cv-1605 KJM KJN P, 2016 U.S. Dist. LEXIS 28022, at *6-7 (E.D. Cal. Mar. 4, 2016) (declining to count as a strike a habeas petition that was dismissed because it did not clearly implicate the duration of confinement where the dismissal order did not indicate that the petition had been brought in bad faith or was intentionally mislabeled to avoid application of § 1915(g)); *Hollis v. Gorby*, Case No. CIV S-09-1627 DAD (TEMP) P, 2011 U.S. Dist. LEXIS 76925, at *4-5 (E.D. Cal. July 14, 2011) (declining to count as a strike a dismissed habeas petition where the dismissal order did not include a finding that the case was brought under the habeas statute to avoid some penalty associated with § 1983 (such as the § 1915(g) three strikes provision) and there was nothing else suggesting such subterfuge).

### III. The Motion to Require Plaintiff to Post Security

Defendant additionally asks that the court deem plaintiff a vexatious litigant pursuant to Local Rule 151(b) and require that he post a security before the case may continue. Under Eastern District of California Local Rule 151(b),

> [T]he Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

California Code of Civil Procedure, part 2, Title 3A is entitled "Vexatious Litigants" and includes the following provision:

> In any litigation pending . . ., at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security . . .. The motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant.

Cal. Civ. Proc. Code § 391.1. As is relevant to this motion, California law defines a vexatious litigant as a person who, in the seven years immediately preceding the motion, has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been finally determined adversely to the person. *Id.* § 391(b)(1). To order the posting of a security under § 391.1, the court must additionally conclude, after hearing evidence,

4

"that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant." *Id.* § 391.3(a). Thus, to issue the order requested by defendants, this court must find that: (1) plaintiff has filed five litigations in the past seven years that have been finally determined adversely to plaintiff and (2) there is no reasonable probability that plaintiff will succeed on his claims against defendant. Defendant has not made the requisite showing.

The court will skip the recitation of plaintiff's litigation history here, because defendant's argument as to why there is no reasonable probability that plaintiff will succeed on the merits fails. Defendant argues that plaintiff's claim against defendant is barred by res judicata because plaintiff brought the same claim in *Jenkins v. Barnes*, E.D. Cal. Case No. 2:13-cv-00596 (hereinafter "*Barnes*"). According to defendant, the claim was dismissed in *Barnes* for failure to state a claim and "[t]he Court ordered Plaintiff to comply with the pleading requirements of Federal Rule of Civil Procedure 8, but he failed to do so." ECF No. 20-1 at 10. Defendant cites as support for this statement a screening order issued on August 12, 2013 in *Barnes*. ECF 20-3 at 97-107. The court takes judicial notice of that order as well as the remainder of the record in *Barnes*. In the order, the court indeed concluded that plaintiff's complaint was too voluminous to comply with Rule 8. *Id.* at 98-99. It also stated that plaintiff had failed to allege "any continuing pain or physical damage from the incident" with defendant Bond. *Id.* at 99. The court dismissed the complaint, but granted plaintiff leave to amend. *Id.* at 106-07. A review of the docket in *Barnes* reveals that plaintiff did amend the complaint. Case No. 2:13-cv-00596, ECF No. 11. The amended complaint included an amended claim against defendant Bond, in which plaintiff alleged that Bond's excessive force caused him severe pain, bruising, lacerations, and swelling. *Id.* at 16. In screening that amended complaint, Judge Claire did not find that the allegations against Bond failed to state a claim. Case No. 2:13-cv-00596, ECF No. 13. Instead, Judge Claire found that that claim, and many others, had been improperly joined in a single action. *Id.* She allowed the first claim alleged by plaintiff (against a defendant Miranda) to continue, and dismissed *without prejudice* plaintiff's claims against the other defendants. *Id.* at 2. Judge Claire specifically and clearly stated that her dismissal of those claims – including the claim against Bond – was "without prejudice to plaintiff's re-filing of new, separate lawsuits against the

5

dropped defendants." *Id.* In no way does this dismissal of plaintiff's claim against defendant in *Barnes* preclude this action. There was no final determination there that plaintiff had failed to state a claim against Bond. Instead, plaintiff's claim against Bond was dismissed finally as improperly joined, and plaintiff is now complying with the order in *Barnes* that he bring the claim in a separate lawsuit. Defendant's argument that the instant case is barred by res judicata misrepresents what happened in *Barnes* and fails to establish that plaintiff is unlikely to succeed on the merits of this action.

### IV. Order and Recommendation

Although plaintiff filed a written consent to jurisdiction of a magistrate judge on October 28, 2013, ECF No. 4, defendant did not respond to the court's Order Re Consent or Request for Reassignment entered on July 15, 2015, ECF No. 18. Accordingly, the Clerk is directed to randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that defendant's September 28, 2015 motion for an order revoking plaintiff's in forma pauperis status and requiring plaintiff to post a security (ECF No. 20) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 26, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE