UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE JENKINS, JR., | No. 2:13-cv-2151-GEB-EFB P |
| Plaintiff, | |
| v. | ORDER |
| BONDS, | |
| Defendant. | |

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed a document entitled "Plaintiff's Reply to Defendant's Stipulated Request to File and Lodge Plaintiff's Use of Force Interview."[1] ECF No. 32. Plaintiff states that "defendant did not produce [plaintiff's] request for production of documents," and attaches at least six separate requests for production. *See id.* He requests a court order directing defendant to provide him with a transcribed copy of plaintiff's use of force interview and to provide the court with a video copy of the "entire" interview for review. *Id.* at 2-3. Construed as a motion to compel pursuant to Rule 37(a) of the Federal Rules of Civil Procedure,[2] the motion is denied.

---

[1] The court is not in receipt of any such "stipulated request." Defendant did, however, file a request to file the use of force video with the court as evidence in support of a motion for summary judgment. ECF No. 33.

[2] If, on the other hand, plaintiff is seeking further discovery from defendant, he must serve his discovery requests directly on defense counsel rather than filing them with the court. *See* E.D.

1

Pursuant to the court's discovery and scheduling order, discovery closed on January 27, 2017. ECF No. 26. A scheduling order may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Plaintiff's motion, filed over a month after the close of discovery, does not request modification of the scheduling order; nor does it demonstrate a basis for such modification. *See* ECF No. 32 at 6, 21 (showing that defendant had served plaintiff with his discovery responses over two months prior to the close of discovery). The motion is therefore denied as untimely.

Moreover, the only discovery requests specifically discussed in plaintiff's motion are those requesting a "transcribed copy" of the use of force interview. Defendant's response indicates that such a transcript does not exist. ECF No. 32 at 20. Defendant cannot be compelled to produce a document that does not exist, and is not required to create a document in response to plaintiff's request for production.

As noted, plaintiff's motion also seeks a court order for defendant to produce a video of the interview to the court. By separate order, the court grants defendant's request to file and lodge a compact disk containing the use of force interview. Thus, this portion of plaintiff's motion appears to be moot.

Accordingly, it is HEREBY ORDERED that "Plaintiff's Reply to Defendant's Stipulated Request to File and Lodge Plaintiff's Use of Force Interview" (ECF No. 32), construed as a motion to compel, is denied.

DATED: March 21, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

Cal. Local Rules 250.2-250.4.